**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Caremark LLC, et al.,

Plaintiffs,

v.

Protecting Access to Retail Pharmacy LLC,

Defendant.

No. CV-25-01524-PHX-DWL

**ORDER**

On July 3, 2025, Defendant Protecting Access to Retail Pharmacy LLC d/b/a TRUST LCC ("TRUST LLC") filed a "Motion to Compel Arbitration, Or, in the Alternative, to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2)." (Doc. 12.) In that motion, TRUST LLC asked the Court "to apply the delegation clause of the arbitration provision in Caremark's Provider Manual, grant TRUST LLC's motion to compel arbitration, and stay this action." (*Id.* at 10.) "In the alternative, if the Court decide[d] that TRUST LLC may not invoke the Provider Manual, TRUST LLC ask[ed] this Court to dismiss this action for lack of personal jurisdiction." (*Id.*)

On July 17, 2025, Plaintiffs Caremark LLC and CaremarkPCS LLC ("Caremark") filed a response, "consent[ing] to the Court compelling arbitration of Caremark's claim" and asking the Court to "enter TRUST LLC's proposed order regarding its motion to compel arbitration, compel the parties to arbitration, and stay this case." (Doc. 14 at 2.) Caremark added:

> Because entering TRUST LLC's proposed order compelling the parties to arbitration would grant TRUST LLC the primary relief that it seeks, the

Court need not address TRUST LLC's "alternative" request for dismissal for lack of personal jurisdiction.  However, if the Court does address TRUST LLC's alternative request, it should not dismiss the case.  Caremark's allegations establish that TRUST LLC is subject to specific personal jurisdiction in this Court.

(*Id.*)  Caremark then set forth arguments as to why the Court may exercise personal jurisdiction over TRUST LLC.  (*Id.* at 2-5.)

On July 25, 2025, the Court granted the motion to compel arbitration and stayed the action pending the resolution of the arbitration proceeding.  (Doc. 15.)  The Court also ordered periodic joint notices concerning the status of the arbitration proceeding and a joint notice within ten days of when the arbitration proceeding concluded.  (*Id.*)

On May 7, 2026, the parties filed a joint notice indicating that on April 27, 2026, the arbitration panel issued the Final Award. (Doc. 17 at 1.)  The joint notice also describes an unresolved dispute.  Caremark argues that "[t]he Final Award in Caremark's favor moots this court action" and "respectfully requests a status conference with this Court to discuss the appropriate next steps, in light of what appears to Caremark to clearly be an improper circumvention of the Final Award." (*Id.* at 2-3.)  TRUST LLC, however, argues that because the arbitration panel determined that it lacked jurisdiction to hear the arbitration demand, the arbitration clause is no longer enforceable and any statements the panel made on other issues were "dicta," as the panel, "according to its own ruling, lacked jurisdiction to address them." (*Id.* at 3-4.)  TRUST LLC therefore argues that "[a]s a result of the arbitration Panel's lack of jurisdiction and the conclusion of the arbitration proceeding, the Action should proceed in this Court," and as such, TRUST LLC asks the Court to lift the stay, allowing TRUST LLC to file an answer and counterclaims.  (*Id.* at 4.)

In tandem with filing the joint statement setting forth this dispute, the parties lodged a copy of the Final Award under seal. (Doc. 19.)  The parties have since filed a joint motion to seal the Final Award. (Doc. 20.)  The parties' sole basis for sealing the award is that the arbitration agreement contains the following confidentiality clause:

> Except as may be required by Law, a party, its employees, agents, consultants, authorized representatives, counsel, or arbitrator(s) shall not

disclose the existence, content, or results of any dispute or arbitration hereunder without the prior written consent of both parties.

(Doc. 20 at 2-3.)  The parties cite *Caremark, LLC v. USRC Pharmacy, LLC*, 2023 WL 2973327 (D. Ariz. 2023), for the proposition that because arbitration agreements must be enforced "according to their terms," a confidentiality clause in an arbitration agreement restricting disclosure without the parties' consent is sufficient to allow parties that jointly desire to keep the results of their arbitration private to file the arbitration award under seal in federal court submissions.

The Court is not persuaded.  In the Ninth Circuit, "[t]wo standards generally govern motions to seal documents." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).  Those two standards are referred to as "the presumptive 'compelling reasons' standard or the 'good cause' exception." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The presumptive "compelling reasons" standard applies when the documents that are the subject of the sealing request are being filed in conjunction with a motion or pleading that "is more than tangentially related to the underlying cause of action" or "the merits of a case." *Id.* at 1099.  The "good cause" exception most often applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097.  Here, although the parties' joint report is not styled as a motion, the parties effectively dispute whether the arbitration award terminates this case, as well as whether the arbitration panel's determinations as to whether the pharmacy assignments to TRUST LLC were effective "were dicta." (Doc. 17 at 2-4.)  Both the joint report and the arbitration award are more than tangentially related to the merits of the case, and the "compelling reasons" standard applies.

Under that standard, a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (cleaned up).  The Court must then

"conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (cleaned up). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (cleaned up). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure," *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014), at which point that injury is weighed against the public's interest in disclosure. *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Applying these standards, the parties' sealing request lacks merit. As noted, the parties' sole proffered reason for seeking to overcome the strong presumption in favor of public access is that they agreed with each other to maintain the confidentiality of any details related to their arbitration proceeding. But as many courts (including this Court) have concluded, this is an insufficient basis for a sealing request in an action to enforce or vacate an arbitration award. *See, e.g., Personnel Staffing Grp., LLC v. XL Ins. Am., Inc.,* 2022 WL 18717593, *2 (C.D. Cal. 2022) ("The Respondents . . . have failed to provide specific factual findings demonstrating why the request to seal the Confidential Documents outweighs the general history of access and the public policies favoring disclosure as required under the compelling reasons standard. Although courts consider the confidential nature of arbitration proceedings in addressing later motions to seal arbitration information, such settlement or arbitration information is not entitled to sealing in later proceedings simply because the parties bargained for confidentiality; the calculus changes once the parties reenter the courthouse for adjudication of their dispute.") (cleaned up); *Bloom Energy Corp. v. Badger,* 2021 WL 4079208, *11-12 (N.D. Cal. 2021) (denying unopposed request to seal arbitration award in an action to enforce/vacate the award and explaining

that "[t]he fact that the parties privately bargained to keep a proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document *when put at issue in a public forum*"); *Ovonic Battery Co., Inc. v. Sanyo Electric Co., Ltd*, 2014 WL 2758756, *3 (N.D. Cal. 2014) ("OBC also seeks to seal the interim and final arbitration awards in their entirety . . . [and] claims that the awards are to remain confidential subject to limited exception according to the governing International Arbitration Rules and order of the Arbitration Panel.  The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them.").  *See also Robertson v. Argent Trust Co.*, 2025 WL 2676091 (D. Ariz. 2025) (denying sealing requests under analogous circumstances).  As one court cogently put it:

> The mere fact that plaintiff and defendant have agreed to maintain their arbitration proceeding in confidence is of little moment. . . .  Voluntary arbitrations are private proceedings.  Therefore, the parties are free to agree that their arbitration proceedings will be held in confidence.  Once the parties resort to the courts, however, their confidentiality agreement does not, and cannot, authorize the sealing of a presumptively public federal court record.  The parties are privileged to arbitrate in secret, but they must litigate in public.

*Martis v. Dish Network*, 2013 WL 6002208, *2 (W.D. Mich. 2021).

In a related vein, the parties' motion conspicuously does not assert that the public disclosure of the details set forth in the arbitration award would actually cause them to suffer any tangible harm.  They have not, for example, persuasively argued (or even suggested) that public disclosure of the materials sought to be sealed would compromise trade secrets or other sensitive information.  *GST Int'l, Inc. v. Martin*, 2025 WL 843389, *2 (D. Nev. 2025) ("GST has provided facts to justify sealing parts of the arbitral award attached to their motion, but not enough to justify sealing the entire document.  In favor of sealing, the arbitral award contains sensitive trade secrets related to GST's products.  . . . Yet GST has filed for the entire 121-page report to be filed under seal, and the Court cannot allow an entire arbitration award to be sealed simply because the parties agreed to confidentiality of the underlying arbitral process.  Accordingly, the Court will allow the

arbitral award to remain filed under seal but require filing of the award with redactions limited to confidential information."); *Oliner*, 745 F.3d at 1026 ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that . . . disclosure will work a clearly defined and serious injury to the party seeking closure."). Instead, as noted, the parties' sole proffered basis for the sealing request is their own agreement to maintain the confidentiality of any arbitration-related details.

On the other side of the ledger is the public's interest in understanding the basis for any decision issued by this Court. *Kamakana*, 447 F.3d at 1179 (courts must "conscientiously balance the competing interests of the public"). That interest would be undermined if the parties' sealing request were approved—the public would have no information about the underlying decision and thus lack any basis for evaluating the soundness of the Court's resolution of the parties' unresolved dispute over how to proceed in this case in light of the award. *Pintos*, 605 F.3d at 679 n.6 (one of the relevant factors when evaluating a sealing request is the "public interest in understanding the judicial process") (citation omitted). The overbreadth of the parties' sealing requests also undermines those requests. *Bloom Energy Corp.*, 2021 WL 4079208 at *12-13 ("[P]etitioner does not make any attempt to narrowly tailor its sealing requests to only those (even arguably) protectable portions of the Final Award. For example, petitioner seeks to seal mere statements of the law recited by the panel in the Final Award. Other low-hanging fruit include provisions in the Final Award that are identical to those alleged by petitioner in its publicly filed petition. Petitioner's failure to comply with the narrowly tailored requirement provide an independent ground for denying its motion to seal the Final Award.").

Thus, the parties' joint motion to seal (Doc. 20) is denied. Moreover, although the parties' joint notice provides an overview of the parties' competing views of the effect of the arbitration award on this action, there is no motion pending at this time. Under Rule 7(b) of the Federal Rules of Civil Procedure, a request for judicial action "must be made by motion." The Court is not inclined to set "a brief status conference" (Doc. 17 at 2) to

resolve the merits of a disputed and potentially complicated issue that has not been properly raised via a motion.

At any rate, this action was stayed "pending the resolution of the arbitration proceeding." (Doc. 15.) The arbitration proceeding has been resolved, except for the ancillary matter of fees. Thus, the stay of this action has expired.[1] The Clerk of Court is directed to remove the stay designation from this case.

To the extent Caremark believes the arbitration award "moots this court action" (Doc. 17 at 2), Caremark can seek relief as it sees fit by means of a fully developed motion that "state[s] the relief sought" and "state[s] with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b).

Accordingly,

**IT IS ORDERED** that the parties' joint motion to seal (Doc. 20) is **denied**. Pursuant to LRCiv 5.6(e), the lodged document at Doc. 19 will not be filed but will remain under seal.[2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall remove the stay designation from this action.

Dated this 8th day of June, 2026.

Dominic W. Lanza
United States District Judge

---

[1] As such, the relief TRUST LLC purported to seek in the joint report is moot.

[2] There is no need, at this time, to resubmit the arbitration award for filing in the public record, as usually contemplated under LRCiv 5.6(e), because there is no pending request for relief that is dependent on the arbitration award. But to the extent a party makes a future request for relief that is dependent on the arbitration award and wishes to file the arbitration award in support of that request, it must be filed publicly.